UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Tschaka Fortt

    v.                                          Case No. 20-cv-1082-JL

Robert Hazlewood,
Warden, FCI Berlin

**Report and Recommendation**

Tschaka Fortt, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the denial of credit for the time he served before he was sentenced on his federal conviction.  The warden has moved for summary judgment.  Fortt was given an extra thirty days to do so, but he did not file a response.  The motion for summary judgment is referred to the undersigned magistrate judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B).

**Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A material fact is one that "'carries with it the potential to affect the outcome of the suit.'" French v.

Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quoting Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)). A genuine factual dispute exists if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the summary judgment record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021).

Under the Local Rules for the District of New Hampshire, "[a] memorandum in support of a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 56.1(a). A memorandum in opposition to a motion for summary judgment must "incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require a trial." LR 56.1(b). "All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party." Id.; see also Fed. R. Civ. P. 56(e)(2).

## Background

Because Fortt did not file a response to the warden's motion for summary judgment, the properly supported facts

provided by the warden are deemed to be admitted.

The circumstances that gave rise to Fortt's petition began in Delaware in January of 1998 when Fortt was arrested on several offenses and a Delaware state court revoked Fortt's probation. He was sentenced to 30 months of imprisonment on the probation violation. In March of 1998, pursuant to a writ of habeas corpus ad prosequendum, Fortt was taken by federal authorities to answer federal drug charges. He was sentenced to 101 months of incarceration in federal court on September 25, 1998 (which was later reduced based on changes in the applicable laws).

After he was sentenced in federal court, Fortt was returned to state custody in Delaware on his probation violation sentence. He was then sentenced to 22 years and 6 months on two state charges to run consecutively to his probation violation sentence. Fortt finished his state sentences in February of 2018. Fortt was immediately surrendered to the federal Bureau of Prisons ("BOP") to begin serving his federal sentence that had been imposed in 1998.

The BOP determined that Fortt was not entitled to any credit toward his federal sentence for the time he had served in state prison because that time was counted to complete his state sentence. In support of the motion for summary judgment, the warden provided the declaration of Michelle Hassler, who is an

analyst at the Designation and Sentence Computation Center of the BOP.  Hassler states that she reviewed documents from the Delaware Department of Corrections which show that Fortt received credit toward his state sentences from the date of his arrest, January 26, 1998, through the date of his release from state custody on February 13, 2018, which includes the time he was in temporary federal custody, March 12 through September 25, 1998.  Doc. 7-1, ¶ 16.

## Discussion

In his § 2241 petition, Fortt seeks credit toward his federal sentence of the time between March 12 and September 25, 1998, when he was in temporary federal custody.  The warden contends that Fortt is not entitled to that change in his federal sentence because that time was credited toward his state sentences.  The warden moves for summary judgment on that basis.

A defendant serving a federal sentence will be given credit for time he spent in detention before beginning his federal sentence in two specified circumstances, but he is not entitled to reduction of his federal sentence if the time has been credited against another sentence.[1]  18 U.S.C. 3585(b).  When a

---

[1] A petitioner must exhaust claims for credit under § 3585(b) through the administrative process.  See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999).  The warden raises no issue about exhaustion in this case.

4

prisoner is held in federal custody before sentencing on a federal offense but that time is credited toward a state sentence, he is not entitled to a reduction of his federal sentence for that time. United States v. Wilson, 503 U.S. 329, 334 (1992); Calmese v. Young, 837 F. App'x 604, 604-05 (9th Cir. 2021); Pope v. Perdue, 889 F.3d 410, 417-18 (7th Cir. 2018).

The undisputed facts presented for summary judgment show that the time Fortt spent in temporary federal custody between March 12 and September 25, 1998, was credited toward his state sentences. For that reason, that time cannot be credited against his federal sentence. Therefore, the warden's motion for summary judgment should be granted.

## Conclusion

For the foregoing reasons, the district court should grant the warden's motion for summary judgment (document no. 7).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to

file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                      _____
                                                     Andrea K. Johnstone
                                                     United States Magistrate Judge

April 19, 2022

cc:  Tschaka Fortt, pro se
     Seth R. Aframe, AUSA.